UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                       :
                                              :      CONSENT PRELIMINARY ORDER
          - v. -                               :      OF FORFEITURE AS TO SPECIFIC
                                              :      PROPERTY/MONEY JUDGMENT
JULIUS CSURGO,                                 :
          a/k/a "Gyula Karoly Csurgo,"         :      S1 22 Cr. 190 (RA)
                                              :
          Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about May 27, 2026, JULIUS CSURGO (the "Defendant"), was charged in a one-count Superseding Information, S1 22 Cr. 190 (RA) (the "Information"), with securities fraud, in violation of Title 15, United States Code, Sections 77q(a) and 77x; and Title 18, United States Code, Section 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about May 27, 2026, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, (i) a sum of money equal to $9,610,409.95 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of

the Information; and (ii) all right, title and interest of the Defendant in the following specific property:

    a. $10,524.03 CAD in TD Bank Account 5229753 in the name of Antevorta Capital Partners Ltd.;

    b. $235,522.03 in TD Bank Account 7301475 in the name of Antevorta Capital Partners, Ltd.;

    c. $12,374.89 CAD in TD Bank Account 5015519 in the name of Optimum Trading, Ltd.;

    d. $880,655.08 in TD Bank Account 7201473 in the name of Optimum Trading, Ltd.;

    e. $17,021.53 CAD at the Ontario Superior Court of Justice Account 568855 in the name of Pierce Csurgo, *OSC v. Csurgo*, No. CV-22-00680362-00CL; and

    f. $175,275.19 CAD at the Ontario Superior Court of Justice Account 569479 in the name of Esther Gombor, *OSC v. Csurgo*, No. CV-22-00680362-00CL;

(a. through f., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $9,610,409.95 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, representing the amount of proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Matt Shahabian, of counsel, and the Defendant and his counsel, Marc Gottlieb, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $9,610,409.95 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JULIUS CSURGO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    The Government shall credit any payments made by the Defendant, within one year of the Defendant's sentencing date, to the United States Securities and Exchange Commission (the "SEC") in satisfaction of the Defendant's disgorgement obligation in the matter *Securities and Exchange Commission v. Dean Shah et al.*, No. 22 Civ. 3012 (LJL). The Defendant shall provide documentation of all payments made to the SEC to the Government.

7.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____          5/27/26
       Matthew Shahabian                                           DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-1046



JULIUS CSURGO


By: _____          5/28/26
       Julius Csurgo                                               DATE


By: _____          5/28/26
       Marc Gottlieb, Esq.                                         DATE
       Attorney for Defendant
       366 Madison Ave, 3rd Floor
       New York, NY 10017



SO ORDERED:

_____              5/27/26
HONORABLE RONNIE ABRAMS                         DATE
UNITED STATES DISTRICT JUDGE